Eric D. Ridley. [SBN:273702]
**LAW OFFICES OF ERIC D. RIDLEY**
567 W. Channel Islands Blvd. #210
Port Hueneme, CA 93041
(805) 244-5291 voice
(888) 953-3884 facsimile
ridley.eric@gmail.com

Attorney for Plaintiff,
Craig Schmitman

## UNITED STATES DISTRICT COURT
## CENTRAL JUDICIAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG SCHMITMAN, a natural person;<br><br>Plaintiff,<br><br>vs.<br><br>MARK PATTON, a natural person d/b/a MILLENIUM REAL ESTATE GROUP, and DOES 1-10, and each of them, inclusive,<br><br>DEFENDANTS. | Case No.:  2:22-cv-291<br><br>**COMPLAINT FOR DAMAGES:**<br>1. COPYRIGHT  INFRINGEMENT<br>2. INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE<br>3. REMOVING OR ALTERING COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. 1202)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF,** CRAIG SCHMITMAN, hereby alleges and complains as follows:

## I.

## INTRODUCTION

1. This is an action for copyright infringement arising out of the knowing and willful actions of Defendants Mark Patton, a natural person doing business as MILLENIUM REAL ESTATE GROUP; (collectively, "PATTON.") As alleged in greater detail below, Defendant Mark Pattonis operates a real estate sales business as a d/b/a: "MILLENIUM REAL ESTATE," and is a manager, owner, operator, executive, director, agent, or otherwise exerts control over or is controlled or directed by Does 1-10; and each of them are alter egos and agents of one

another and are inextricably intertwined PATTON; and that the defendants, and each of them are, or have been, stealing Craig Schmitman's ("SCHMITMAN") original copyrighted photographic imagery, representing this stolen material as their own, using this material without compensation and without licensing it from Plaintiff, and/or hosting infringements of SCHMITMAN's copyrighted material on the Internet, on multiple websites created by, and/or owned, operated, and/or controlled by them.

2.  Beginning at an undetermined date, and continuing until on or about November, 2021, PATTION copied, in material part, or in whole, copyrighted material owned by SCHMITMAN, placed it on their websites at:

> https://www.markpatton.com/ (Simi Valley section);
> https://www.markpatton.com/files/city_links/2208/Reagan%20Library.png;

and other websites presently unknown to Plaintiff (collectively hereinafter, "the infringing websites"), and represented it as their own original material.

3.  Defendants themselves, and each of them, knowingly and willfully committed copyright infringement. Because Defendants stole Plaintiff's original and copyrighted material, Plaintiff's business has suffered, and Plaintiff has been forced to bring this action.

## JURISDICTION AND VENUE

4.  **Jurisdiction**

This action arises under the Copyright Act, 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.  **Venue**

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and § 1400(a), because Defendants conducted business in this District, and because Defendants purposely availed themselves of business opportunities in this District.

6. **Personal Jurisdiction**

This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of doing business in California and in the United States, and material elements of Defendants' wrongdoing occurred in California and caused injury to Plaintiff in California. In addition, Defendants generate revenue from California customers, and their wrongful activity was expressly aimed at California, Plaintiff suffered resulting harm in California, and Defendants knew the harm was likely to be suffered in California, including within this judicial district. In particular, Defendants knew, or should have known, that their conduct would cause injury to Plaintiff in California. In addition, Defendants have engaged in the following conduct, among other things:

a. Creating and/or hosting websites on their servers on which images and other material that infringe upon Plaintiff's copyrighted material are stored. Plaintiff is informed and believes, and thereon alleges, that one or more of these websites is based in California, and/or that these images and other material were transmitted to viewers in California.

b. Directly infringing Plaintiff's copyrighted material in California by distributing such material to users in California via the internet and other means;

c. Materially contributing to the direct infringement of Plaintiff's copyrighted materials by users in California who view or download infringing material from servers under the control or supervision of Defendants;

d. Obscuring or manipulating Plaintiff's watermarks and other notices of copyright, in violation of 17 U.S.C. §1202 *et seq,;* and

e. Representing Plaintiff's work as their own.

## **THE PARTIES**

7.  SCHMITMAN is, and at all relevant times mentioned herein was, a California-based aerial photographer, having his residence and principal place of business within Ventura County, California. SCHMITMAN has created, published, and copyrighted thousands of spectacular and unique aerial photographs. SCHMITMAN also owns and operates the internet website located at aeronauticpictures.com, which domain name SCHMITMAN owns.

8.  Defendant Mark Patton is a natural person who, on information and belief, exerts control over, or is controlled by, or is an agent of, all other defendants. Defendant Patton is a Real Estate Broker and Realtor™, holding California Dept. of Real Estate license no. 900562. Defendant Patton resides in Ventura County, California.

9.  Defendants Does 1 through 10, inclusive, are individuals or entities that own and/or control the Defendants, or any of them, or that are owned and/or controlled by the Defendants, or any of them, and which either directly or indirectly profit from and/or directly or indirectly infringe or facilitate the infringement of SCHMITMAN's copyrights, and/or are acting in concert with or conspiring with the Defendants to engage in the unlawful activities described in this Complaint. Does 1 through 10, inclusive, are sued herein under fictitious names because their true names and capacities are unknown to SCHMITMAN. When SCHMITMAN ascertains the Doe Defendants' true names and capacities, SCHMITMAN will seek leave to amend this Complaint to insert such true names and capacities. Plaintiff is informed and believes, and based thereon alleges, that each Doe Defendant acted with the other Defendants and is responsible for the harm and damages to SCHMITMAN alleged herein. (PATTON, any other defendants, and the Doe Defendants are referred to hereinafter collectively as "Defendants.")

10. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein is in some manner responsible for the acts alleged herein and that, at all times mentioned herein, each of the Defendants, including each and every fictitiously named Defendant, was the principal, agent, servant, employee, alter-ego, instrumentality,

representative, co-venturer, and/or partner of each of the other said Defendants, and in doing the things herein alleged, was acting within the course, scope, purpose and knowledge of such agency, employment, alter-ego, instrumentality, representation, co-venture, and/or partnership, and/or for the benefit of each other Defendant, and with the knowledge, permission and consent or with the approval or ratification of each other Defendant, and, as such, share liability with each other with respect to the matters complained of herein.

11. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, each of the Defendants, including each and every fictitiously named Defendant, conspired with, aided and abetted, and/or acted in concert with each and every other Defendant to harm, injure and damage SCHMITMAN as alleged herein and, in furtherance of the aforesaid conspiracy or other plan, each and every Defendant engaged in one or more of the overt acts hereinafter alleged.

12. In particular, Defendants, and each of them, are inextricably intertwined alter-egos and agents of one another who share a unity of interest and ownership.

13. Defendants, and each of them, advertise their services to United States clients via the infringing websites.

## SCHMITMAN's BUSINESS AND COPYRIGHTED MATERIAL

14. SCHMITMAN's business consists of, *inter alia,* the design, creation, production, marketing, promotion, and sale of photographic images, taken from the air.

15. SCHMITMAN owns and operates the internet website aeronauticpictures.com. which offers Schmitman's materials to be licensed for commercial and/or personal use. Consumers are provided access to content created and owned by SCHMITMAN which is licensed by

payment of a licensing fee, which varies depending upon the intended usage of the final image.

16. SCHMITMAN derives his revenues from sales of images on his website, along with aerial and location photography.

17. SCHMITMAN owns a substantial amount of valuable and unique copyrighted material, which SCHMITMAN has developed based upon his years of professional experience as an aerial photographer.

18. SCHMITMAN owns the copyrights in and to these works (the "SCHMITMAN Copyrighted Works"). SCHMITMAN has applied for and/or received Certificates of Copyright Registration from the Register of Copyrights for the SCHMITMAN Copyrighted Works. Under the Copyright Act, SCHMITMAN has the exclusive right, *inter alia*, to reproduce the SCHMITMAN Copyrighted Works, to distribute copies of the SCHMITMAN Copyrighted Works, to display copies of the SCHMITMAN Copyrighted Works, and to authorize or license any such activities. A true and correct copy of the Certificate of Copyright is attached hereto as Ex. "A."

19. SCHMITMAN has invested, and continues to invest, substantial sums of money, time, effort, and creative talent, to make and produce the SCHMITMAN Copyrighted Works. In addition, in order to produce and sell the SCHMITMAN Copyrighted Works, SCHMITMAN is required to make numerous payments, including, but not limited to, web hosting fees, legal costs, printing, and advertising and promotion costs.

20. In summary, SCHMITMAN's business and livelihood is based upon the copyrighted images that he owns and to which he sells access. Unfortunately, the theft of copyrighted material on the Internet has reached epidemic proportions. Infringing websites such as those operated by Defendants exploit material that SCHMITMAN has spent substantial sums of money to create, and the SCHMITMAN Copyrighted Works, until recently, were being used by

Defendants, offered as their own original work, and distributed to others via Defendant's websites. Defendants earned revenue by selling homes as a result of their appropriation of the SCHMITMAN Copyrighted works, while denying SCHMITMAN revenue rightly earned by him as the fruits of his labors. As a result, SCHMITMAN's revenues have declined significantly.

### DEFENDANTS' BUSINESS AND INFRINGING CONDUCT

21.  Defendants hosted and provided the infringing images, on infringing websites operated in, or available to residents of California, that have infringed upon the SCHMITMAN Copyrighted Works. Defendants have used and continue to use the worldwide web, including hubs and/or servers located in California, to transmit infringing SCHMITMAN materials to users in California, including in this district, who download such materials onto their computers. A true and correct copy of the infringing use is attached hereto as Ex. "B."

22. Defendants had actual knowledge that they were storing and displaying specific SCHMITMAN Copyrighted Works.

23. The works were identical reproductions  of the SCHMITMAN Copyrighted Works. A true and correct copy of the original work is attached hereto as Ex. "C."

24. SCHMITMAN is an expert in the aerial photography, aviation, space and defense fields, having been retained as an expert for numerous television programs.

25. Defendants, have ridden on and exploited SCHMITMAN's coattails and hard-earned credibility for their own pecuniary gain, all to the detriment of SCHMITMAN.

26. In every relevant action they took, Defendants acted with a consciousness of guilt, and blithely stole SCHMITMAN'S images from the internet, and used these images as their own, with disregard for the consequences of their theft. Defendants' actions are no better, and no different, and no less despicable, than stealing televisions from Wal-Mart.

27. Defendants' conduct has caused, and continues to cause, severe and irreparable harm to SCHMITMAN.

### **FIRST CLAIM FOR RELIEF**
COPYRIGHT INFRINGEMENT
(Against All Defendants)

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. SCHMITMAN is the owner of all right, title, and interest to each of the SCHMITMAN Copyrighted Works.

30. SCHMITMAN has registered his works which are the subject of this Complaint, with the United States Copyright Office.

31. Each of the SCHMITMAN Copyrighted Works consists of material original to SCHMITMAN and each is copyrightable, and copyrighted, subject matter.

32. Defendants have copied, reproduced, sold, distributed, adapted, and/or publicly displayed the SCHMITMAN Copyrighted Works without the consent or authority of SCHMITMAN, thereby directly infringing SCHMITMAN's copyrights.

33. Defendants' conduct constitutes direct infringement of SCHMITMAN's copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

34. Defendants have induced, caused, and/or materially contributed to unauthorized reproduction, adaptation, public display, and/or distribution of the SCHMITMAN Copyrighted Works by allowing the infringement of such works to continue on their servers.

35. Defendants know, or have reason to know, that they hosted websites which directly infringe SCHMITMAN's Copyrighted Works, because Defendants copied and used the SCHMITMAN Copyrighted Works on websites owned and/or controlled by them.

36. Defendants have no known DMCA designated agent under 17 U.S.C. § 512.

37. Defendants' conduct constitutes infringement and contributory infringement of SCHMITMAN's copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Works, in violation of the United States Copyright Act, 17 U.S.C. §§ 106 and 50l.

38. The infringement of SCHMITMAN's rights in and to each of the SCHMITMAN Copyrighted Works constitutes a separate and distinct act of infringement.

39. Defendants' infringement has been willful, intentional, purposeful, and in reckless disregard of and with indifference to the rights of SCHMITMAN.

40. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Works, Plaintiff is entitled to his actual damages, and Defendants' profits, pursuant to 17 U.S.C. § 504(b).

41. Alternatively, SCHMITMAN is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

42. Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, great and irreparable injury to SCHMITMAN that cannot fully be compensated in money. SCHMITMAN has no adequate remedy at law. Pursuant to 17

U.S.C. § 502, SCHMITMAN is entitled to injunctive relief prohibiting further infringements of his copyrights.

43. SCHMITMAN further is entitled to his attorneys' fees and costs pursuant to 17 U.S.C. § 505.

44. Defendants, and each of them conspired with each other, aided and abetted, worked with, and otherwise knowingly engaged in all of the above illegal acts.

45. Defendants, and each of them, in committing the above acts and omissions, acted intentionally, maliciously, recklessly, and in conscious disregard of the rights of Plaintiff, all justifying an award of punitive damages in an amount to be adduced at the time of trial.

## **COUNT II**
### INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE
### (Against all Defendants)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff alleges on information and belief that defendants, and each of them, have willfully and deliberately committed the wrongful acts alleged herein with the intent to injure Plaintiff financially and to induce existing clients, prospective clients, and suppliers, and the general public at large, to sever their present and prospective business relationships with Plaintiff.

48. As a proximate result of such wrongful acts, SCHMITMAN has suffered injury and damage to his business and goodwill in an amount to conform to proof at time of trial, but in no event less that the jurisdictional minimum of this Court.

49. Plaintiff is informed and believes and thereon alleges, that the acts of Defendants as described herein were willful and malicious and designed to obstruct and otherwise interfere with the successful operation of Plaintiff's business. Therefore, Plaintiff, is entitled to exemplary and punitive damages in a sum appropriate to punish such Defendants.

50. Defendants, and each of them, conspired with each other, aided and abetted, worked with, and otherwise knowingly engaged in all of the above illegal acts.

51. Defendants, and each of them, in committing the above acts and omissions, acted intentionally, maliciously, recklessly, and in conscious disregard of the rights of Plaintiff, all justifying an award of punitive damages in an amount to be adduced at the time of trial.

## **<u>COUNT III</u>**
### REMOVING OR ALTERING COPYRIGHT MANAGEMENT INFORMATION
### (Against all Defendants)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Defendants, and each of them, intentionally removed or altered Plaintiff's copyright management information.

54. Defendants, and each of them, distributed the images knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law.

55. As a direct and proximate result of the infringements by Defendants of Plaintiff's copyrights and exclusive rights under copyright in the SCHMITMAN Copyrighted Works, Plaintiff is entitled to his actual damages, and Defendants' profits, pursuant to 17 U.S.C. § 1203(b).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SCHMITMAN prays for judgment against Defendants, and each of them, jointly and severally, as follows:

## **COUNT I**
## **COPYRIGHT INFRINGEMENT**

1. That Defendants, and each of them, and their respective officers, agents, servants, employees, representatives, successors, and assigns, and all persons in active concert or participation with them, be enjoined from:

   a. Operating in, selling into, or otherwise conducting any form of business in California;

   b. Directly or indirectly copying, reproducing, distributing, adapting, or publicly displaying the SCHMITMAN Copyrighted Works; and

   c. Causing, contributing to, enabling, facilitating or participating in the infringement of any of SCHMITMAN's copyrights, including without limitation, the SCHMITMAN Copyrighted Works covered by SCHMITMAN's copyright registrations.

2. That Defendants be ordered to destroy all photographs, documents, media, files, and other items, electronic or otherwise, in their possession, custody, or control, that infringe the copyrights of SCHMITMAN.

3. That Defendants be ordered to cease hosting and/or operating websites that infringe the copyrights of SCHMITMAN.

4. For punitive damages in an amount to be adduced at trial;

5. For maximum statutory damages under the Copyright Act in the amount of $150,000 with respect to each copyrighted work infringed, or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c), in an amount to be proven at trial.

6. For disgorgement of all profits earned by means of home sales or otherwise attributable to Defendant's infringement, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial.

7. For SCHMITMAN's costs in this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

8. For prejudgment interest according to law; and

9. For such other and further relief as this Court deems just and proper.


## COUNT II
## INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE

1. That Defendants disgorge all profits from operation of their website;

2. For Plaintiff's actual damages, in an amount to be adduced at trial;

3. For punitive damages in an amount to be adduced at trial;

4. For SCHMITMAN's costs in this action, including reasonable attorneys' fees;

5. For pre-judgment interest according to law; and

6. For such other and further relief as this Court deems just and proper.


## COUNT III
## REMOVAL OR ALTERATION
## OF COPYRIGHT MANAGEMENT INFORMATION

1. For maximum statutory damages under the Copyright Act in the amount of $25,000 with respect to each copyrighted work infringed, or for such other amounts as may be proper pursuant to 17 U.S.C. § 1203(c)(1), in an amount to be proven at trial.

2. For SCHMITMAN's costs in this action, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 1203;

3. For the impounding from Defendants of all computers, cameras, and imaging devices of any nature, pursuant to 17 U.S.C. § 1203(b)(2)

4. For prejudgment interest according to law; and

5. For such other and further relief as this Court deems just and proper.

1

**PLAINTIFFS' DEMAND FOR JURY TRIAL**

2    PLAINTIFF is entitled to, and hereby demands, trial by jury.

3

    Dated: December 10, 2021

4

5                                            Respectfully Submitted,

6                                            _____

7                                            **ERIC D. RIDLEY**
                                             Attorney for Plaintiff,
8                                            CRAIG SCHMITMAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# COPYRIGHT REGISTRATION

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code,*
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kaym Leigh Claggett*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-056-383

**Effective Date of Registration:**
May 22, 2017

---

## Title

**Title of Work:**  Group Registration of Published Photos, aerials & others, published June 23, 2013 to December 12, 2013; 104 photos.

**Content Title:**  534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0128, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0133, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0144, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0157, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0169, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0175, July 30, 2013;
534_barnaby_road_bel-air_aerial_photography_los-angeles_dsc_0180, July 30, 2013;

aerial_photography_lax_5601_century_blvd_0049, July 01, 2013;
aerial_photography_los-angeles_aerial-view_mansion_4175, December 12, 2013;
aerial_photography_los-angeles_beverly-hills_city_hall_3515, December 11, 2013;
aerial_photography_ventura_4342, December 9, 2013;
aerial_photography_ventura_4965, December 9, 2013;
aerial_photography_ventura_4970, December 9, 2013;
aerial_photography_ventura_4973, December 9, 2013;
aerial_photography_ventura_4977, December 9, 2013;
aerial_photography_ventura_4981, December 9, 2013;
aerial_photography_ventura_4987, December 9, 2013;

aerial-filming_handheld_demo_video, August 15, 2013;
aerial-filming_los-angeles_1, July 25, 2013;
aerial-photo_irvine_hillside-homes_aerial-photography_orange-county_7491, July 12, 2013;
aerial-photographer_los-angeles, July 1, 2013;
aerial-photography_aerial-filming, June 24, 2013;
aerial-photography_camarillo_2269, July 21, 2013;
aerial-photography_lopresti_swiftfury_aerial-stock-photo, July 5, 2013;
aerial-photography_los-angeles_getty-center_selling_la_frame, July 19, 2013;
aerial-photography_los-angeles_malibu_peace-paddle_3489, August 30, 2013;
aerial-photography_los-angeles_playa-del-rey_distinctive-homes_04, July 5, 2013;

Page 1 of 4

aerial-photography_los-angeles_rc-7_crazy-hawk_picture_0060, November 25, 2013;
aerial-photography_san-diego_carlsbad_7574, July 7, 2013;
aerial-photography_san-diego_encinitas_7604, July 7, 2013;
aerial-photography_san-diego_san-onofre_nuclear_plant_picture_7551, July 7, 2013;

aerial-photography_selling_la_hgtv_0001, July 1, 2013;
aerial-photography_selling_la_hgtv_0002, July 1, 2013;
aerial-photography_ventura_real-estate_00015, July 1, 2013;
aerial-photography_ventura_walmart_aerial-photo_2505, July 12, 2013;
aerial-photography-los-angeles_aerial-filming, October 20, 2013;
aerial-photography-prices, July 1, 2013;
aerial-photography-santa-barbara_montecito_0632, September 11, 2013;
aerial-photography-santa-barbara_montecito_estate_0688, September 30, 2013;
aerial-stock-footage_truck_bridge_los-angeles_harbor_0040a, September 23, 2013;
aerial-stock-photo_west-hollywood_los-angeles_aidswalk_00161, July 7, 2013;
boeing_747_jal_los_angeles_aerial-photography_18, June 25, 2013;
burbank-equestrian-center_-aerial-photo_aerial-photography_los-angeles_7860, July 12, 2013;
century-city_aerial-photography_los-angeles_01, June 24, 2013;
cineflex_los-angeles_aerial-filming, June 24, 2013;
f-14_tomcat_airplane_picture_aircraft-carrier_stock-photo_78, July 2, 2013;
hollywood_aerial-stock-photography_hollywood-sign_0090, July 3, 2013;

los_angeles_aerial-photography_01, June 23, 2013;
los-angeles_aerial-photographer.2, July 1, 2013;
los-angeles_aerial-photographer, July 1, 2013;
los-angeles_aerial-photography_aidswalk-la.0022, July 1, 2013;
los-angeles_aerial-photography_aidswalk-la.0065, July 1, 2013;
los-angeles_aerial-photography_airplane.1, July 1, 2013;
los-angeles_aerial-photography_airplane, July 1, 2013;
los-angeles_aerial-photography_getty-center_the-getty, July 1, 2013;
los-angeles_aerial-photography_getty-center_the-getty_landmark, July 1, 2013;
los-angeles_aerial-photography_golf_golf-course_golfers_green, July 1, 2013;
los-angeles_aerial-photography_golf_golf-course_golfers_green_sand-traps, July 1, 2013;
los-angeles_aerial-photography_helicopter, July 1, 2013;
los-angeles_aerial-photography_mountaingate-country-club-golf-course, July 1, 2013;
los-angeles_aerial-photography_oil-refinery-picture_7383, July 7, 2013;
los-angeles_aerial-photography_pacific-design-center.0184, July 1, 2013;
los-angeles_aerial-photography_pink_trader-joes.west-hollywood.0071, July 1, 2013;
los-angeles_aerial-photography_real-estate.skirball-cultural-center.0119, July 1, 2013;
los-angeles_aerial-photography_real-estate_hillside-home_3594, July 5, 2013;
los-angeles_aerial-photography_westwood_0004, July 1, 2013;
los-angeles_aerial-photography_westwood_0005, July 1, 2013;
los-angeles_aerial-photography_yacht_sailboats, July 1, 2013;
los-angeles_litigation_aerial-photography, July 1, 2013;
los-angeles_real-estate_aerial-photography, July 1, 2013;
los-angeles_real-estate_mansions_aerial-photography, July 1, 2013;
los-angeles-aerial-photographer_lax_airport, July 1, 2013;
los-angeles-aerial-photographer_lax_airport_korean-air_b-747, July 1, 2013;
los-angeles-aerial-photographer_lax_airport_united-airlines_ual_747, July 1, 2013;

los-angeles-aerial-photographer_mojave_airport, July 1, 2013;

malibu_real-estate_aerial-photography_0001, July 1, 2013;
mountaingate-country-club-golf-course_los-angeles_photo, July 1, 2013;
northridge-earthquake_freeway_la-aerial-photography.0014, July 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0277, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0289, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0292, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0293, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0295, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0299, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0303, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0306, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0309, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0311, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0316, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0317, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0324, August 1, 2013;
owlwood-estate_holmby-hills_aerial_photography_los-angeles_0327, August 1, 2013;

rc-helicopter-photography_uav-photography_prices_01, July 24, 2013;
Ronald-Reagan_Presidential-Library_aerial-photo_2596, July 5, 2013;
santa_monica_pier_aerial_photo_0064, July 5, 2013;
santa-barbara-aerial_55, July 16, 2013;
sothebys_montecito_santa-barbara_real-estate_7749, July 24, 2013;
ventura_aerial_photography_4457, December 10, 2013;
ventura-aerial-photography_901-927_ventura-blvd_oxnard_052, July 9, 2013;
ventura-aerial-photography_5700_ralston_street_082_ventura, July 9, 2013;
ventura-county_aerial-photography_ventura-aerial-photo_0059, July 8, 2013;
website_png32_alpha_watermark_960x540, June 23, 2013;
west-coast-aerial-photography_emerald-point_7497, July 21, 2013;
wilshire-corridor_aerial_stock-photo_los-angeles_7317, July 11, 2013;

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 2013 |
| **Date of 1st Publication:** | June 23, 2013 |
| **Nation of 1st Publication:** | United States |

## Author

- **Author:** Craig Schmitman

Page 3 of 4

**Author Created:** photograph
**Work made for hire:** No
**Citizen of:** United States

## Copyright Claimant

**Copyright Claimant:** Craig Schmitman
PO Box 3543, Ventura, CA, 93006

## Certification

**Name:** Craig Schmitman
**Date:** July 05, 2017
**Applicant's Tracking Number:** 2013 Published

**Correspondence:** Yes

# EXHIBIT B

# INFRINGING USE

Mark Patton Millennium Real Estate Group | Moorpark Real Estate Agent, houses, Condos and Homes



**Mark Patton**
Broker of Record, CRS, GRI, ABR
License #: 00900562

📱 805-433-5060

HOME    LISTINGS ▾    BUYING ▾    SELLING ▾    PROPERTY SEARCH    CONTACT ME    USEFUL TOOLS ▾    MY BLOG

...luation ✓

Property Search 📍

Find Your Dream Home 🏠

Neighborhood Buzzer 🔔



**SEARCH IN**
# Camarillo

- All Properties
- Homes
- Multi-Family
- Townhomes
- Condo/Co-op



**SEARCH IN**
# Moorpark

- All Properties
- Homes
- Multi-Family
- Townhomes
- Condo/Co-op



**SEARCH IN**
# Ventura

- All Properties
- Homes
- Multi-Family
- Townhomes
- Condo/Co-op



**SEARCH IN**
# Oxnard

- All Properties
- Homes
- Multi-Family
- Townhomes
- Condo/Co-op



**SEARCH IN**
# Thousand Oaks

- All Properties
- Homes
- Multi-Family
- Townhomes
- Condo/Co-op



**SEARCH IN**
# Simi Valley

- All Properties
- Homes
- Multi-Family
- Townhomes
- Condo/Co-op

# Don't know where to start?

No problem, I can help. Just tell me a little about yourself.

# EXHIBIT C

# ORIGINAL IMAGE

